# EXHIBIT 2B

Filed: 11/21/2025 3:11 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. 12 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49D12-2510-CT-047271 |

PERRY TOLE,
Plaintiff,

vs

MARK SANCHEZ,
FOX CORPORATION, and
HUSE CULINARY, INC.

Defendants.

**AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

Comes now the Plaintiff, Perry Tole, by counsel, Erik J. May and Edward R. Reichert, of Golitko & Daly PC, and for his Amended Complaint for Damages and Jury Trial Demand against the Defendants, Mark Sanchez, Fox Corporation, and Huse Culinary, Inc., states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to the laws of the State of Indiana as the events giving rise to this complaint occurred in Indianapolis, Marion County, Indiana.

**Parties**

2. Plaintiff Perry Tole is an individual residing in the State of Indiana and the victim of the action described herein.

3. Defendant Mark Sanchez, hereinafter referred to as “Sanchez”, is an individual who, upon information and belief, resides in the State of California.

4. Defendant Fox Corporation, hereinafter referred to as "Fox", is a foreign corporation authorized to do business in Indiana with its principal business location in the State of Delaware.

5. Defendant Huse Culinary, Inc., hereinafter referred to as "Huse Culinary", is an Indiana corporation operating and doing business as a restaurant and bar licensed to sell alcoholic beverages in Marion County, Indiana.

**General Statement of Facts**

6. At all relevant times, Defendant Fox employed, contracted with, or exercised influence and control over Defendant Sanchez who acted as Defendant Fox's employee, agent and/or independent contractor.

7. Defendant Sanchez provides professional services for Defendant Fox as a television personality, celebrity, sports broadcaster, and commentator.

8. As part of Defendant Sanchez's obligations to Defendant Fox, Defendant Sanchez traveled to Indiana for the television broadcast of the NFL game between the Indianapolis Colts and Las Vegas Raiders.

9. As part of Defendant Sanchez's obligations to Defendant Fox, Defendant Sanchez was an invitee at Defendant Huse Culinary located at 127 S. Illinois Street, Indianapolis, Indiana on or about Friday, October 3, 2025.

10. Defendant Huse Culinary, through its employees and agents acting within the scope of their employment, sold, furnished, and/or served alcoholic beverages to Defendant Sanchez, which contributed to his impairment and subsequent injuries to the Plaintiff.

11. On or about Saturday, October 4, 2025, in the early morning, Plaintiff was lawfully present at or near The Westin Hotel Indianapolis, Indiana.

12. At that time and place, Defendant Sanchez was present and acting within the course and scope of his employment, agency, or contractual duties for Defendant Fox. Alternatively, Defendant Sanchez was at the location or in circumstances under Defendant Fox's influence or control.

13. Defendant Sanchez was visibly intoxicated, impaired, and behaving in an erratic and aggressive manner.

14. Defendant Sanchez, without provocation or justification, initiated an altercation and assaulted Plaintiff.

15. Plaintiff did not provoke, invite, or consent to any physical contact from Defendant Sanchez.

16. As a direct result of the altercation and assault, Plaintiff sustained physical injuries, disfigurement, medical expenses, pain and suffering, lost income, emotional distress, and other damages.

**Count 1 - Negligence - Sanchez**

17. Plaintiff incorporates by reference paragraphs 1-16 as if fully set forth herein.

18. Defendant Sanchez owed a duty to act with reasonable care towards others and to refrain from conduct that foreseeably causes harm.

19. Defendant Sanchez breached that duty by consuming alcohol and/or other substances, failing to control his behavior while intoxicated and/or impaired, initiating an altercation with Plaintiff, and failing to act as a reasonable person would under the circumstances.

20. Defendant Sanchez's intoxication, impairment, and aggressive conduct created an unreasonable risk of harm to Plaintiff.

21. Defendant Sanchez's breach of duty was the direct and proximate cause of Plaintiff's injuries and damages.

22. As a direct and proximate result of Defendant Sanchez's actions, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

**Count 2 - Negligence - Fox**

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24. Defendant Fox owed a duty to the public, including Plaintiff, to exercise reasonable care in the hiring, supervision, training, and retaining of employees, agents, or contractors.

25. Defendant Fox breached its duty by allowing Defendant Sanchez to work or remain on duty while intoxicated and/or impaired, failing to properly supervise Defendant Sanchez's behavior, and other acts or omissions that may reveal during discovery.

26. As a direct and proximate result of Defendant Fox's actions, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

**Count 3 - Negligent Hiring, Supervision and Retention - Fox**

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth herein.

28. Defendant Fox knew or, through reasonable investigation, should have known that Defendant Sanchez posed a foreseeable risk of harm to others due to prior behavior, substance abuse issues, disciplinary problems, past history, or other indicators.

29. Defendant Fox failed to use reasonable care in hiring, retaining, and supervising Defendant Sanchez.

30. As a direct and proximate result of Defendant Fox's actions, including but not limited to its negligence in hiring, supervision and retention of Defendant Sanchez, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

**Count 4 - Negligence and Violation of Indiana Dram Shop Act - Huse Culinary**

31. Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32. At all relevant times, Defendant Huse Culinary owed statutory and common-law duties not to sell, furnish, or serve alcoholic beverages to persons who are visibly intoxicated or otherwise impaired, to use reasonable care in the service of alcohol, and to comply with applicable Indiana statutes and regulations governing alcoholic beverage service and sales.

33. Defendant Huse Culinary breached its duty when it negligently sold, furnished, and/or served alcoholic beverages to Defendant Sanchez that contributed to his intoxication and impairment.

34. After leaving Defendant Huse Culinary's establishment, Defendant Sanchez was in an altered state of intoxication and/or impairment when he later encountered Plaintiff and initiated a physical confrontation with Plaintiff.

35. Plaintiff did not provoke the altercation and was an innocent victim.

36. Defendant Huse Culinary's actions and/or inaction was a direct and proximate cause of Plaintiff 's injuries.

37. As a direct and proximate result of Defendant Huse Culinary's negligence, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

**Claim 5 - Battery - Sanchez**

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Defendant Sanchez knowingly and unlawfully made harmful and offensive contact with Plaintiff causing serious bodily injury and disfigurement.

40. Defendant Sanchez's actions constitute malicious, willful, wanton or grossly negligent conduct.

41. As a direct and proximate result of Defendant Sanchez's actions, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

**Prayer for Relief**

WHEREFORE, Plaintiff, Perry Tole, by counsel, respectfully requests that this Court enter judgment in his favor and against Defendants, Mark Sanchez, Fox Corporation, and Huse Culinary, Inc., and award the following relief:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Costs and expenses of this action, including reasonable attorney's fees;

D. Any other relief that the Court deems just and proper.

Dated: 11/21/2025

Respectfully submitted,

**GOLITKO & DALY, P.C.**

*/s/Erik J. May*
Erik J. May
Attorney for Plaintiff
Indiana Bar No. 24644-34

**GOLITKO & DALY, P.C.**

*/s/Edward R. Reichert*
Edward R. Reichert
Attorney for Plaintiff
Indiana Bar No. 30414-49

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury.

**GOLITKO & DALY, P.C.**

*/s/Erik J. May*
Erik J. May
Attorney for Plaintiff
Indiana Bar No. 24644-34

**GOLITKO & DALY, P.C.**

*/s/Edward R. Reichert*
Edward R. Reichert
Attorney for Plaintiff
Indiana Bar No. 30414-49

GOLITKO & DALY, P.C.
8900 Keystone Crossing, Suite 150
Indianapolis, IN 46240
317-566-9600
erik@golitkodaly.com
eddie@golitkodaly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 21st day of November, 2025, the foregoing document was served upon the following counsel of record via IEFS:

J.T. Larson, Esq. #31392-29
Daniel Thompson, Esq. #36336-53
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 236-1313
Fax: (317) 231-7433
E-mail: JT.Larson@btlaw.com
E-mail: Daniel.Thompson@btlaw.com
*Attorneys for Defendant, Fox Corporation*

Andrew M. McNeil, Esq. #19140-49
Dakota C. Slaughter, Esq. #37582-29
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
E-mail: amcneil@boselaw.com
E-mail: dslaughter@boselaw.com
*Attorneys for Defendant, Mark Sanchez*

/s/ Erik J. May
Erik J. May, Esq. #24644-34
Edward R. Reichert, PT, JD #30414-49
Attorneys for Plaintiff

**GOLITKO & DALY, P.C.**
8900 Keystone Crossing, Suite 150
Indianapolis, IN 46240
T: (317) 566-9600 / F: (317) 566-9606
erik@golitkodaly.com
eddie@golitkodaly.com