**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| PERRY TOLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:25-cv-2578-TWP-MKK |
| | ) | |
| MARK SANCHEZ, | ) | |
| FOX CORPORATION, | ) | |
| and HUSE CULINARY, INC., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REMAND FOR LACK
OF SUBJECT MATTER JURISDICTION**

Plaintiff, Perry Tole, moves to remand this action to the Marion County Superior Court because this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. Complete diversity does not exist, as Plaintiff and Defendant Huse Culinary, Inc. are both citizens of Indiana. Subject-matter jurisdiction cannot be waived by the parties and where it is lacking remand is mandatory. Accordingly, the only proper course is for this Court to remand the action to Indiana state court pursuant to 28 U.S.C. § 1447(c).

**I. INTRODUCTION**

This case was removed by Defendant Fox Corporation ("Fox"), on the basis of diversity jurisdiction. This notwithstanding, Fox concedes that Huse Culinary, Inc. ("Huse"), is an Indiana citizen, but argues that Huse was fraudulently joined to this action. Plaintiff has no reason to engage in fraud, as alleged by Fox, to avoid Federal Court. The law simply does not allow Plaintiff to pursue his claims in Federal Court without subject matter jurisdiction and, in order for this Court to retain jurisdiction over the matter, Fox is asking the Court to dismiss Huse before any meaningful discovery can be conducted. *See Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013).

Plaintiff has the right to pursue recovery from all potential defendants that may have caused or contributed to his harm and to conduct discovery to determine every potential person or entity that may be liable to him. In his Amended Complaint, Plaintiff plead legitimate and colorable claims against Huse under both Indiana's Dram Shop Act and common law negligence and has the right to conduct discovery to develop these claims. At the same time, Plaintiff reasonably anticipates that, following all Defendants' cooperation and completion of discovery, additional Indiana defendants will be added to this case.

Fox's argument in support of fraudulent joinder is baseless and serves only to delay discovery. Based on preliminary investigation, Plaintiff has cause to believe that Defendant Mark Sanchez ("Sanchez"), may have had multiple substances, including illegal substances, in his system that contributed to his intoxication at the time of his altercation with Plaintiff, including but not limited to cocaine, marijuana, fentanyl, and alcohol. Plaintiff has cause to believe that one or more of these substances may have been consumed in one of Huse's establishments which caused or contributed to Sanchez's impairment and his subsequent negligent and/or knowing conduct. The extent of Huse's liability to Plaintiff will be determined based upon Huse's knowledge and conduct in the time prior to Plaintiff's altercation with Sanchez. Necessarily, Huse's knowledge and conduct can only be ascertained through investigation and discovery, which Fox is attempting to forestall and obviate altogether.

It is notable that Huse has not joined in Fox's removal. Nor did Huse, prior to Fox's removal, file a motion for judgment on the pleadings. Rather, in its Answer, Huse is prepared to litigate the case and included the following Affirmative Defenses:

> 11. Defendant reserves the right to name as a non-party any other Defendant which may later be dismissed from this action.

14. Defendant did not have notice or have reason to believe that Sanchez was visibly intoxicated or otherwise impaired and had no justifiable or reasonable reason to refuse to service to him.

15. The actions of Defendant Sanchez at a later point in time and at a different location were unforeseeable and an intervening cause(s) was/were responsible for the injuries or damages as alleged by the Plaintiff and this Defendant cannot be held responsible for actions beyond its control.

[Huse's Answer, ECF No. 1-1 at 118].

In other words, Huse's own defense of this action contemplates issues of material fact, the degree of visible impairment Sanchez presented, and the possibility (or hope) that some other intervening cause occurred that relieves Huse of liability.

Though ordinarily a party does not have standing to make arguments on behalf of another, Fox's removal goes further than Huse's Answer allows, which begs the question, why does Fox want to delay the proceedings? What is Fox trying to hide? What does Fox fear will be uncovered if Mr. Tole is permitted to discover if Huse remains in the case? Accordingly, the following questions need to be answered in discovery:

1.      Was Mr. Sanchez on cocaine or other illegal drugs at the time of the incident, if so, where was it consumed and who provided it?

2.      Was Mr. Sanchez at the Huse restaurant for a Fox event?

3.      Did Mr. Sanchez consume cocaine or other illegal drugs during the Fox event at the Huse restaurant?

4.      Did Huse staff know that Mr. Sanchez consumed cocaine or other illegal drugs during the Fox event at the Huse restaurant?

5.      Did Fox know that Mr. Sanchez consumed cocaine or other illegal drugs during the Fox event at the Huse restaurant?

6.    Did Huse and/or Fox provide or otherwise enable the use of cocaine or illegal drugs at the Fox event?

7.    Did Huse and/or Fox serve or provide Mr. Sanchez with excessive amounts of alcohol after knowing he was intoxicated and/or under the influence of cocaine or other illegal drugs?

Plaintiff is entitled to discovery on these issues and many others. Fox's removal efforts appear strategically designed to delay discovery and prematurely terminate proper state law claims before any relevant facts are known, become public, or are otherwise publicized through other media outlets.

## II. BACKGROUND AND PARTIES' CITIZENSHIPS

Fox removed this action on December 22, 2025, invoking 28 U.S.C. §§ 1332, 1441, and 1446, and Case No. 1:25-cv-2578-TWP-MKK as assigned. [Notice of Removal, ECF No. 1]. In its Notice of Removal, Fox correctly alleges that Plaintiff is an Indiana citizen, Defendant Mark Sanchez ("Sanchez") is a citizen of California, Fox is a Delaware corporation with its principal place of business in New York and thus a citizen of Delaware and New York, and that Huse "is an Indiana corporation with its principal place of business in Indiana," and thus an Indiana citizen. [*Id.* at ¶¶ 7, 14-16]. Therefore, both Plaintiff and Huse are Indiana citizens for the purposes of determining diversity.

## III. LEGAL STANDARD

This Court must strictly construe the removal statute and resolve all doubts in favor of remand. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). To be successful in its removal, Fox is required to demonstrate that Plaintiff has "no reasonable possibility" of recovery against Huse.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). "[I]n most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Id*. This heavy burden requires Fox to demonstrate "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id*. Moreover, "[a]t the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id*. Though the Court's analysis considers only the plaintiff's complaint at the time of removal, this does not "prohibit a plaintiff from elaborating on the claims he has actually tried to plead." *Conk v. Richards & O'Neil, LLP*, 77 F.Supp.2d 956, 964 (S.D. Ind. 1999).

## IV. ARGUMENT

### A. The record is limited to the allegations and facts contained in Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint is the only relevant pleading to the Court's analysis. In its Notice of Removal, Fox incorrectly treats Plaintiff's original Complaint as the singular point of analysis for fraudulent joinder and does not fairly discuss or consider Plaintiff's Amended Complaint. Both Federal and State courts recognize that, once filed, an amended complaint supersedes the original complaint in all respects. "An amended pleading takes the place of the original which goes out of the case for all purposes." *McKenna v. Turpin*, 128 Ind. App. 636, 641, 151 N.E.2d 303, 305 (1958). "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). An amended complaint is the "governing document in the case and any allegations and parties not brought forward [fall] by the wayside." *Carver v.*

*Condie*, 169 F.3d 469, 472 (7th Cir. 1999). Therefore, Fox's reliance on Plaintiff's original complaint is misplaced and without legal basis.

Apart from the Amended Complaint, the Court's consideration at this juncture is necessarily constrained by a limited record. Fox has provided no competent evidence addressing the cause of Plaintiff's injuries, and the parties have engaged in only minimal discovery to date, i.e. Plaintiff's responses to Fox's Requests for Admission and Request for Production of Documents, consisting of medical records and photos of Plaintiff's injuries. [Notice of Removal, Exhibit 2C, ECF No. 1-6]. On this sparse evidentiary foundation, there is no developed factual record from Fox regarding how Plaintiff's injuries occurred or the circumstances leading up to the altercation with Sanchez, nor has there been sufficient exchange of discovery to clarify or resolve material factual issues. Accordingly, the Court's determination as to the possibility of viable claims against Huse must account for the narrow scope of materials currently before the Court from which only inferences favorable to the Plaintiff are to be drawn.

**B. Plaintiff has a right to conduct discovery before his claim against Huse is dismissed.**

To date, Plaintiff is the only party who has responded to discovery. [Notice of Removal, Exhibit 2C, ECF No. 1-6]. As set forth above, there are a plethora of questions at issue in this case that go beyond how the altercation with Sanchez occurred, including the degree of Sanchez's intoxication, the substances he consumed, and the personal knowledge of the Defendants as it relates to when the substances were consumed, who provided or paid for the substances and who had knowledge of Sanchez's use of those substances. Fox's removal seeks to obviate Plaintiff's right to conduct discovery and seek answers to these questions.

Plaintiff's right to seek discovery before dismissal is protected under both Federal and Indiana law. Here, Fox's Notice of Removal and assertion of the fraudulent joinder doctrine is

analogous to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Ind. Trial Rule 12(B)(6) or a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and Ind. Trial Rule 12(C), where the Court is asked to consider matters outside the pleadings.[1] [2] In either case, denying a party the opportunity to conduct discovery in the face of a dispositive motion is reversible error. *Lanni v. National Collegiate Athletic Ass'n*, 989 N.E.2d 791, 797 (Ind.Ct.App. 2013). "As a general proposition, it is improper for a court to grant summary judgment while reasonable discovery requests that bear on issues material to the motion are still pending." *Id. See also Barker v. Kapsch Trafficcom USA, Inc.*, No. 1:19-cv-00987-TWP-MJD, 2019 WL 2524247, at *1 (S.D. Ind. June 18, 2019) (citation omitted) ("The court notes that even if the jurisdictional inquiry was not intertwined with the merits, it is too early in the litigation to consider contested facts. Before resolving disputed issues of fact raised in a Rule 12(b)(1) motion, a court 'must give the plaintiff an opportunity for discovery and a hearing.'").

Here, it is not a question of whether "reasonable" discovery has been conducted because Plaintiff has received no responses to its *initial* discovery. No depositions have been taken, no nonparty requests for production of documents have been satisfied, and, because a Federal Rule 26(f) discovery conference has not yet been conducted, no discovery has been propounded since Fox's Notice of Removal.

Plaintiff's Motion for Remand should be granted. Fox's removal is unfounded and premature, and adjudicating the merits at this stage would improperly deny Plaintiff the right to

---

[1] Though Fox does not offer any relevant evidence to advance its claim of fraudulent joinder, Fox nevertheless contends that the Court should consider evidence outside the pleadings. [Notice of Removal, ECF No. 1 at ¶ 28].
[2] If a party seeking dismissal under Ind. Trial Rules 12(B)(6) and 12(C) presents matters outside the pleadings for the court's consideration, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*" Ind. Trial Rules 12(B)(6) and (12(C) (*emphasis added*). The same is true under the Federal Rules of Civil Procedure (Fed. R. Civ. P. 12(d)).

conduct discovery necessary to prove his claims. On the limited record now before the Court, Plaintiff is entitled to favorable inferences, which remand would preserve. Granting remand ensures that discovery may proceed and that the required inferences are not upended by an early, record-deficient determination.

### C. Plaintiff has plead legitimate and colorable claims against Huse for common law negligence and violation of the Dram Shop Act.

Absent the opportunity to conduct discovery and given the favorable inferences for the Plaintiff, Fox cannot meet the heavy burden of proving fraudulent joinder. The Plaintiff has presented a valid Dram Shop claim under Indiana law, as well as a claim for common law negligence. Fox's fraudulent-joinder argument turns on proximate cause and foreseeability, urging the Court to decide merits issues against Plaintiff at the threshold of litigation. At this stage, however, the question is not whether Plaintiff will ultimately prevail; it is whether there is any reasonable possibility of recovery against Huse under Indiana law given the pleaded facts.

Plaintiff alleges, and Fox acknowledges, that on October 3, 2025, Huse's employees served alcohol to Sanchez while he was visibly intoxicated, leading to Plaintiff's injury in the early hours of October 4, 2025. [Notice of Removal, ECF No. 1 **at ¶ 6**]. These allegations directly implicate Indiana's Dram Shop Act, suggesting that Huse's service of alcohol was a proximate cause of Plaintiff's injuries, especially given the timing and visible intoxication. Because of the constraints imposed by the timing of Fox's removal, the full extent of Sanchez's intoxication and the substances involved are not yet known, nor are the suppliers and circumstances of their provision. Plaintiff's right to conduct discovery on these matters notwithstanding, the inferences that must be drawn from the limited record before the Court and the allegations described in the Amended

Complaint support the viability of Plaintiff's claims against Huse and remand to Indiana state court.

Fox's merits-based, proximate-cause argument does not negate all reasonable possibility of recovery against Huse. Fox argues Indiana courts categorically bar dram shop liability for *intentional, violent criminal* acts of patrons. [Notice of Removal, <u>ECF No. 1 **at ¶ 24-25**</u>]. Fox bases its argument on the allegations in Plaintiff's original Complaint, while ignoring the fact that, in his Amended Complaint, Plaintiff has not alleged an intentional violent act against Sanchez. Rather, Plaintiff has alleged a theory of recovery under common law negligence and, in the alternative, that Sanchez "knowingly and unlawfully made harmful and offensive contact with Plaintiff." [Amended Complaint, <u>ECF No. 1-1 at 71-72, 74</u>]. Accordingly, the Court must therefore determine whether the conduct alleged in Plaintiff's Amended Complaint aligns with dram shop and common law negligence cases in Indiana. Specifically, the Court should assess whether it was foreseeable that Huse's overserving of Sanchez, who was visibly intoxicated and possibly under the influence of multiple substances, could lead to negligent acts causing harm to third parties.

Indiana has numerous cases addressing the foreseeability of injuries to third parties following certain conduct at a restaurant or bar. The Plaintiff's claims against Huse align with this case law. In *Hamilton v. Steak 'n Shake*, 92 N.E.3d 1166, 1173 (Ind. Ct. App. 2018), the court held that a fight was foreseeable when a restaurant was aware of "[a]n escalating thirty-minute encounter" between specific groups. In *Certa v. Steak 'n Shake*, 102 N.E.3d 336, 340–41 (Ind. Ct. App. 2018), the court found that a fight was foreseeable when a restaurant knew "patrons had engaged in a verbal altercation and was aware of the potential for escalation of the conflict." In *Buddy & Pals III, Inc. v. Falaschetti*, 118 N.E.3d 38 (Ind. Ct. App. 2019), the court held that a fight was foreseeable when a bar knew a patron "was not taking his ejection [for fighting] well and

was in a fighting mood." Drawing favorable inferences from the record, the plaintiff's claims against Huse fall squarely within the scope of negligence cases in Indiana. Once discovery is permitted and obtained, Plaintiff anticipates that Huse and Fox's liability will become clear and definite.[3]

To the extent that Sanchez's conduct was done knowingly, Indiana courts recognize that an intentional act causing an unintended injury can be classified as general negligence. This conduct, although intentional, does not fall under the general rule cited by Fox barring liability for violent, criminal acts under the Dram Shop Act. In *Stout v. Underhill*, 734 N.E.2d 717 (Ind. Ct. App. 2000), the court found that because the defendant did not intend the injuries caused by negligently firing a "warning shot" in the direction of the plaintiff, the liability carrier's policy exclusions did not apply. Similarly, brandishing a firearm that discharges and causes injury is not necessarily a violent, criminal act and may be considered merely negligent. *Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099 (Ind.Ct.App. 1997). In reaching this conclusion, the court in *Sans v. Monticello Ins. Co.* reasoned as follows:

> [T]he facts in the light most favorable to the nonmovants do not lead inescapably to the conclusion that the shooting was intentional, that is, that the shooting could not have been an accident which was neither expected nor intended. Nor does the evidence in the light most favorable to the nonmovants necessarily establish that the shooting constituted an assault and battery.

*Id*. at 1104.

By its own submission, Fox concedes that proximate cause is ordinarily a fact question and only a question of law when no reasonable inference supports causation. Fox asserts that "whether a particular act is a proximate cause is a question of law for the Court to decide when only one

---

[3] Again, Plaintiff intends on seeking discovery to determine whether Fox provided, paid for, or was otherwise aware of any illegal substances that may have been consumed by Sanchez and whether Huse, its agents, or employees observed Sanchez consume any illegal substances.

conclusion can be drawn from the facts." [Notice of Removal, ECF No. 1 at ¶ 22]. Despite this assertion, Fox's Notice of Removal relies on excised allegations from the original Complaint that have no bearing on the Court's determination here. Moreover, the Amended Complaint's allegations preclude a finding of "no possibility" of recovery. Quite simply, Fox misapprehends the law and its burden by imploring the Court to weigh facts and draw inferences *against* Plaintiff to reach a merits determination, which is impermissible on a fraudulent-joinder motion. Plaintiff has not alleged "intentional, violent, and criminal" conduct on the part of Sanchez, only common law negligence and knowing conduct. [Amended Complaint, ECF No. 1-1 at 71-72, 74]. As to Huse, Plaintiff alleges visible intoxication service by Huse, a short temporal interval to the battery, and serious resulting injuries. [Amended Complaint, ECF No. 1-1 at 73]. Likewise, Fox recites that Plaintiff alleges Huse's employees served alcohol to a "visibly intoxicated" Sanchez, and that Sanchez engaged in erratic, aggressive behavior and battered Plaintiff shortly thereafter. [Notice of Removal, ECF No. 1 at ¶¶ 6, 27]. On these facts, a reasonable jury could find proximate cause under Indiana law. At minimum, Fox has not shown that Plaintiff's claim is wholly foreclosed such that there is no reasonable possibility of success.

## V. REQUEST FOR FEES AND COSTS

Plaintiff requests an award of just costs and actual expenses, including attorney's fees, incurred as a result of the removal under 28 U.S.C. § 1447(c). [Amount and supporting declaration to be submitted.]

## VI. CONCLUSION

Plaintiff's motion to remand the case to the Marion County Superior Court should be granted. The federal courts lack of subject matter jurisdiction, as both Plaintiff and Defendant Huse Culinary, Inc. are citizens of Indiana, negating complete diversity. Plaintiff has legitimate claims

against Huse under Indiana's Dram Shop Act and common law negligence, and discovery is necessary to develop these claims. Fox's removal of the case to Federal court is unfounded and premature, as it seeks to delay discovery and prematurely terminate state law claims. As such, Plaintiff requests an award of costs and attorney's fees incurred due to the removal, pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Grant this Motion and remand this action to the Marion County Superior Court, Cause No. 49D12-2510-CT-047271;

b) Award Plaintiff costs and fees under 28 U.S.C. § 1447(c) in an amount to be determined; and

c) Grant all other and further relief the Court deems just and proper.

Respectfully Submitted,

*/s/ Erik J. May, Esq.*
Erik J. May, #24644-34

and

*/s/ Edward R. Reichert, Esq.*
Edward R. Reichert, #30414-49
Attorneys for Plaintiff

**GOLITKO & DALY, PC**
8900 Keystone Crossing, Ste. 150
Indianapolis, IN 46240
Tel. (317) 566-9600
Fax (317) 566-9606
erik@golitkodaly.com
eddie@golitkodaly.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of January, 2025, a copy of Plaintiff's

Motion to Remand for Lack of Subject Matter Jurisdiction was filed electronically using the Case

Management/Electronic Case Files ("CM/ECF") system and served via the CM/ECF system upon

the following counsel of record:

> Andrew M. McNeil
> Dakota Christopher Spaughter
> Bose McKinney & Evans LLP
> 111 Monument Circle, Ste. 2700
> amcneil@boselaw.com
> dslaughter@boselaw.com
> *Counsel for Defendant, Mark Sanchez*
>
> Daniel Mikhail Thompson
> Joel Thaddeus Larson, Jr.
> BARNES & THORNBURG, LLP
> 11 South Meridian Street
> Indianpolis, IN 46204
> Daniel.thompson@btlaw.com
> Jtlarson@btlaw.com
> *Counsel for Defendant, Fox Corporation*
>
> Thomas M. Kimbrough
> BARRETT McNAGNY LLP
> 215 E. Berry Street
> P.O. Box 2263
> Fort Wayne, IN 46802
> tmk@barrettlaw.com
> *Counsel for Defendant, Huse Culinary, Inc.*

Respectfully Submitted,

*/s/ Edward R. Reichert, Esq.*
Edward R. Reichert, #30414-49
*An Attorney for Plaintiff*

**GOLITKO & DALY, PC**
8900 Keystone Crossing, Ste. 150
Indianapolis, IN 46240
Tel. (317) 566-9600
Fax (317) 566-9606
eddie@golitkodaly.com