UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PERRY TOLE, ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:25-cv-2578-TWP-MKK |
| ) | |
| MARK SANCHEZ, ) | |
| FOX CORPORATION, ) | |
| and HUSE CULINARY, INC., ) | |
|       Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT, FOX CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

"In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face." *Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916).

**I.**     **Fox has not met its burden to show there is no reasonable possibility of recovery against Huse Culinary.**

Fox's opposition to remand hinges on the premise that Tole's claim against Huse Culinary is categorically barred because Tole's original Complaint alleged assault and battery. That premise misstates both the pleadings and governing standard. In his Amended Complaint, Tole alleges Huse Culinary's negligence, including service of alcohol to a visibly intoxicated patron in violation of Indiana law, and pleads that such intoxication proximately caused his injuries. Those allegations and all reasonable inferences therefrom taken in the light most favorable to Tole easily clear the low threshold of a "reasonable possibility" of recovery for purposes of the fraudulent-joinder inquiry.

1

Indiana observes "notice pleading" which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Ind. Trial Rule 8(A)(1). "Where a proposed complaint alleges negligence generally, it can be presumed that the [defendant] had notice of, and considered, all theories of negligence relating to the evidence before it." *Holsten v. Faur*, 174 N.E.3d 219, 226 (Ind. Ct. App. 2021). At the same time, the rules specifically permit a plaintiff to plead his claims in the alternative or as a hypothetical. T.R. 8(E)(2); *WEOC, Inc. v. Niebauer*, 226 N.E.3d 771, 779 (Ind. 2024). In all cases, pleadings are to be liberally construed as to do "substantial justice." T.R. 8(F).

Here, in his Amended Complaint, Tole has plead claims against Huse Culinary for negligence and violation of Indiana's Dram Shop Act. As to Sanchez, Tole has likewise alleged negligence and, alternatively, battery for "knowingly and unlawfully" causing injury to him.

Fox's attempt to reframe Tole's theory as one of "assault-only" liability overlooks the negligence allegations and causation assertions against Huse Culinary in the operative complaint. In its response, Fox cites the Indiana Supreme Court's opinion in *Niebauer*, 226 N.E.3d 771 but fails to grasp its relevance. Specifically, the Court found that the Dram Shop Act did not eliminate common law negligence claims against tavern owners, including hypothetical theories of negligence for:

> "(1) failing 'to exercise reasonable care under the circumstances when they furnished alcoholic beverages' to [an intoxicated patron], (2) allowing him to drive away from their premises when they 'knew or should have known' that he was intoxicated, (3) failing 'to notify law enforcement' that he drove away intoxicated, and (4) failing to obtain 'alternative transportation' for him."

*Id*. at 774. These multiple alternative and hypothetical theories of recovery in *Niebauer*, 226 N.E.3d 771 were sufficient to survive a motion to dismiss. In this same way, in his Amended

2

Complaint, Tole has alleged, in a short plain statement, alternative and hypothetical theories of recovery against Fox and Huse Culinary, consistent with the *Niebauer*, 226 N.E.3d 771 holding.

The law supports a plaintiff's right to recover against a tavern when a visibly intoxicated patron is overserved and later goes on to commit a negligent act that causes injury. Whether Tole ultimately proves those elements is a merits question for the state court. Fox improperly asks this Court to weigh evidence and resolve factual disputes regarding causation and foreseeability, but proximate cause is generally a question of fact under Indiana law. Fox's authorities do not foreclose all reasonable possibility of recovery on these facts; they underscore why remand, and not dismissal, is appropriate.

## II.     **Fox's reliance on extra-pleading materials cannot defeat remand.**

Fox invites the Court to look beyond the operative pleading to competing factual narratives, including selected characterizations of Tole's prior statements, and the timing of Tole's Amended Complaint to reframe causation and intent. Even where courts may consider limited "summary-judgment-type" materials in a fraudulent-joinder analysis, that mechanism is not a license to adjudicate credibility, resolve conflicts, or draw inferences against the non-removing party. Any such disputes must be resolved in Tole's favor at this stage.

While Fox goes so far as to quote Lincoln, it fails to cite to a single case for the application of the fraudulent joinder doctrine in negligence cases. A fair survey of these cases in the 7th Circuit is unhelpful to Fox. In *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 879 (7th Cir. 1999)**,** the Court upheld removal because Indiana law did not recognize a cause of action against an individual for bad faith denial of an insurance claim. In contrast, Tole has alleged recognized, colorable claims against Huse Culinary. In the leading case in the 7th Circuit, *Morris v. Nuzzo*, 718 F.3d 660, 674 (7th Cir. 2013), the Court found that a defendant was not fraudulently joined when

a viable claim under state law was made. And finally, in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 767 (7th Cir. 2009), the Court both upheld the plaintiff's theory of liability against a non-diverse defendant and further found nothing improper about the timing of plaintiff adding parties to an action upon learning of their involvement in the case.

Rather than concede that there is no case on-point to support removal, Fox doubles-down on its assertion that Tole is bound by his original complaint and the statements attributed to him in a police report and probable cause affidavit prepared by the Indianapolis Metro Police Department. Fox's reliance on these materials belies their usefulness and admissibility. A probable cause affidavit serves a specific purpose in a criminal case and does not establish a defendant's guilt. See *George v. State*, 1 N.E.2d 583, 594 (Ind. 1936). As evidence, it is unreliable and inadmissible when "related to contested issue, contained factual findings selected by officer, and was created for advocacy purposes." *Tate v. State*, 835 N.E.2d 499, 509 (Ind. Ct. App. 2005).

Here, the police report and probable cause affidavit tell the story from the State of Indiana's perspective in an entirely separate legal proceeding. In this case, Sanchez, for one, has yet to even file an Answer. In its absence, to conclude that a probable cause affidavit from a criminal case may control the cause of action and theories of recovery that a plaintiff may bring is obtuse and functionally absurd. If permitted, it would prejudice not only the plaintiff, but would foreclose any defense, or counterclaims, that a defendant would otherwise be entitled to assert including claims of self-defense and comparative fault, which would otherwise be expected to be plead here.

Equally unconvincing is Fox's argument that the timing of Tole's Amended Complaint undermines his negligence claims. Tole filed his original Complaint on October 6, 2025, the next business day after the incident, based on the limited information then available in order to preserve evidence and initiate discovery immediately. After service, Fox's responsive pleading was due on

4

October 28, 2025. However, on October 23, 2025, Fox moved for an enlargement of time, extending its deadline to November 27, 2025. Under Indiana Trial Rule 15(A), Tole was entitled to amend once as a matter of course before a responsive pleading was served.

During Tole's investigation in the interim, he learned that, before the incident, Sanchez was present and became intoxicated at a Huse Culinary establishment. This information was not public knowledge and was unknown by Tole at the time of the original filing. Upon learning this material fact, and still before any responsive pleading was served, Tole promptly filed an Amended Complaint to add Huse Culinary and assert additional claims. The amendment was timely, authorized by rule, and based on newly discovered facts, not gamesmanship. Accordingly, the timing of the Amended Complaint supports, rather than undercuts, the propriety and viability of Tole's negligence claims. See *Schur*, 577 F.3d at 767.

Fox's removal and assertion of fraudulent joinder lack any supporting case law. Instead, Fox relies on the probable cause affidavit from Sanchez's criminal case and the timing of Tole's Amended Complaint to claim it has met the "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). It has not. Fox disingenuously reaches its conclusion by disregarding the negligence claims against Sanchez and Huse Culinary. This pleading posture alone undermines Fox's categorical bar theory and confirms the presence of at least a reasonable possibility of recovery.

### III. Fox's "categorical bar" theory overreads Indiana proximate cause doctrine and does not negate a reasonable possibility of recovery on these facts.

Fox asserts Indiana has drawn a "bright-line" rule that intoxication can never be a specific proximate cause of violent injury. That is not the law. Proximate cause turns on foreseeability and natural and probable consequences in context. Whether service to a visibly intoxicated patron

foreseeably results in off-premises injury is a fact-intensive inquiry not suitable for resolution in a removal skirmish.

Neither the criminal case nor Tole's Amended Complaint claims Sanchez committed an "intentional" act. In Indiana, the crime of battery occurs when a person "**knowingly or intentionally** touches another person in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1 (emphasis added). The distinction between knowing conduct and intentional conduct is meaningful as intentional conduct represents a higher degree of culpability. See *State v. Keihn*, 542 N.E.2d 963, 965 (Ind. 1989). In the criminal case, Sanchez is charged with two separate counts for having "knowingly" touched Tole in a rude, insolent, or angry manner. [Amended Information, ECF No. 23-1]. Sanchez is not charged with intentional conduct. Similarly, in Count 5 of the Amended Complaint, Tole alleges that Sanchez "knowingly and unlawfully made harmful and offensive contact with Plaintiff causing serious bodily injury." [Notice of Removal, Exhibit 1A, ECF No. 1-1 at 85].

The distinction between "knowing" and "intentional" conduct in a civil context is equally meaningful. In a civil case, a defendant may be negligent for knowing conduct, but not intentional conduct. Tole's Amended Complaint does not allege intentional conduct against Sanchez, only negligence and, alternatively, knowing conduct. Therefore, under Fox's own "bright-line" rule suggesting that "claims based on intentional, violent criminal acts" represent the effective limit on dram shop liability [Defendant Fox Corporation's Opposition to Plaintiff's Motion for Remand, ECF No. 22 at p. 14], it follows that acts involving knowing conduct and unintended injury are necessarily excepted. See *Stout v. Underhill*, 734 N.E.2d 717 (Ind.Ct.App. 2000); *Coy v. National Ins. Ass'n*, 713 N.E.2d 355 (Ind.Ct.App. 1999); *Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099 (Ind.Ct.App. 1997).

Placing Tole's case outside of Fox's "bright-line" rule prohibition, and accepting the existence of duty and breach, the question becomes one of causation and foreseeability. To its credit, Fox does not go so far as to say that a tavern is never liable for the negligent acts of an overserved patron. Rather, Fox is simply unable to concede that Tole has plead a case for negligence and proximate cause of his injuries. However, the same probable cause affidavit relied upon by Fox raises essential questions involving the degree and nature of Sanchez's intoxication and the fundamental "how and why" the incident with Tole occurred. For example, Detective Edwards reports that Sanchez could only remember "grabbing for a window" and that he "did not know who did this to him or where it happened." [ECF No. 22-1 at 1.] These limited statements suggest a level intoxication so significant it could cause a person to wander aimlessly in downtown Indianapolis, [ECF No. 22-1, at 3.], run up and down an alley in the middle of the night [ECF No. 22-1, at 1.], wrongfully enter into the vehicle of another person [ECF No. 22-1, at 4.], or, as alleged by Tole, commit a knowing or negligent act that caused harm to him.

The precise degree and nature of Sanchez's intoxication is essential to proving (1) whether Huse Culinary was visibly aware his intoxication and (2) to fulfilling the proximate cause prong of dram shop liability. Ind. Code § 7.1-5-10-15.5(b)(2). On the limited evidentiary record and viewed in a light most favorable to Tole, however, it must be presumed that Huse Culinary overserved Sanchez to such a degree that he was not oriented to time or place and, as a result, negligently injured Tole. "If the duty of omission is breached and damages are caused by the intoxicated person, the provision of alcohol may be considered to be a proximate cause of ensuing damage; it need not be the only proximate cause." *Pierson ex rel. Pierson v. Serv. Am. Corp.*, 9 N.E.3d 712, 716 (Ind. Ct. App. 2014). Viewed this way, Tole's Amended Complaint and allegations of negligence easily meet the threshold for a viable claim against Huse Culinary.

Based on the foregoing, Fox's own presentation reflects why its categorical rule cannot carry the day. It depends on disputed timing, location, degree of intoxication, knowledge, and causal sequence—subjects for discovery and state-court adjudication, not threshold removal practice. For these reasons, remand to state court is proper.

### IV.   Conclusion

Fox has not carried its heavy burden to show there is no reasonable possibility of recovery against Huse Culinary under Indiana negligence and dram shop principles. Indiana's notice-pleading rules, alternative pleading, and liberal construction standards support Tole's negligence and Dram Shop Act claims against Huse Culinary and his alternative negligence and battery theories against Sanchez. Fox's effort to reframe the suit as "assault-only" ignores the operative negligence allegations and the Indiana Supreme Court's recognition that dram shop liability coexists with common-law negligence. Proximate cause turns on foreseeability and factual context, which cannot be resolved on a fraudulent-joinder remand challenge. Fox's reliance on extra-pleading materials and a probable cause affidavit invites improper credibility determinations and conflicts with Seventh Circuit fraudulent-joinder precedent allowing viable state-law claims to proceed. The amended complaint was filed timely under Indiana T.R. 15(A), based on newly discovered facts about Sanchez's intoxication at a Huse Culinary establishment, and does not evidence gamesmanship. Fox's "categorical bar" theory misstates Indiana proximate cause doctrine, and the record reflects disputed issues about intoxication, foreseeability, and causal sequence that belong in state court. Remand is therefore proper.

8

Respectfully Submitted,

*/s/ Erik J. May, Esq.*
Erik J. May, #24644-34

and

*/s/ Edward R. Reichert, Esq.*
Edward R. Reichert, #30414-49
Attorneys for Plaintiff

**GOLITKO & DALY, PC**
8900 Keystone Crossing, Ste. 150
Indianapolis, IN 46240
Tel. (317) 566-9600
Fax (317) 566-9606
erik@golitkodaly.com
eddie@golitkodaly.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of February, 2025, a copy of Plaintiff's Reply to Defendant, Fox Corporation's Response to Plaintiff's Motion to Remand was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served via the CM/ECF system upon the following counsel of record:

Andrew M. McNeil
Dakota Christopher Spaughter
Bose McKinney & Evans LLP
111 Monument Circle, Ste. 2700
**amcneil@boselaw.com**
**dslaughter@boselaw.com**
*Counsel for Defendant, Mark Sanchez*

Daniel Mikhail Thompson
Joel Thaddeus Larson, Jr.
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
**Daniel.thompson@btlaw.com**
**Jtlarson@btlaw.com**
*Counsel for Defendant, Fox Corporation*

Thomas M. Kimbrough
BARRETT McNAGNY LLP
215 E. Berry Street
P.O. Box 2263
Fort Wayne, IN 46802
**tmk@barrettlaw.com**
*Counsel for Defendant, Huse Culinary, Inc.*

    Respectfully Submitted,

    */s/ Edward R. Reichert, Esq.*
    Edward R. Reichert, #30414-49
    *An Attorney for Plaintiff*

**GOLITKO & DALY, PC**
8900 Keystone Crossing, Ste. 150
Indianapolis, IN 46240
Tel. (317) 566-9600
Fax (317) 566-9606
eddie@golitkodaly.com