UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PERRY TOLE,                                )
                                           )
    Plaintiff,                          )
                                           )
v.                                         )     CASE NO. 1:25-cv-02578-TWP-MKK
                                           )
MARK SANCHEZ,                              )
FOX CORPORATION, and                       )
HUSE CULINARY, INC.,                       )
                                           )
    Defendants.                         )
                                           )

**SANCHEZ'S MOTION FOR LIMITED STAY OF DISCOVERY
AND RESPONSIVE PLEADING DEADLINE**

Defendant Mark Sanchez ("**Sanchez**"), by counsel, pursuant to Rule 26(C) and (D) of the Federal Rules of Civil Procedure, respectfully moves for a limited stay of all discovery directed to him and of his obligation file an answer or other responsive pleading to the amended complaint until the pending criminal matter against him concludes. In support of this Motion, Sanchez states the following:

**Background**

1. According to the amended complaint, this case arises out of an incident that occurred in the early morning hours of October 4, 2025, in downtown Indianapolis, involving Sanchez and plaintiff Perry Tole ("**Tole**"). (*See* ECF No. 1-5.) Tole alleges that Sanchez initiated a physical altercation resulting in Tole sustaining injuries and other damages. (*Id.* at 3-4.) Tole asserts claims of negligence and battery against Sanchez, and further brings claims of negligence and negligent hiring,

supervision and retention against Defendant Fox Corporation ("**Fox**"), as well as a Dram Shop Act / negligence claim against Defendant Huse Culinary, Inc. ("**Huse Culinary**"). (*Id.* at 3-6.)

2.      A criminal prosecution stemming from the same alleged incident is currently pending against Sanchez in Marion Superior Court 21 under cause number 49D21-2510-CM-030297;[1] the State has charged Sanchez with battery resulting in serious bodily injury. By order dated February 27, 2026, the state court rescheduled the jury trial for April 9, 2026.

3.      On December 2, 2025, before Fox removed this matter to federal court, Huse Culinary served Sanchez with a set of interrogatories and a set of document requests. The discovery requests seek narrative responses and documents that directly concern the events at issue in the criminal case. Specifically, the interrogatories ask Sanchez to describe his conduct in the hours leading up to the incident and to provide his version of the physical altercation. The requests for production seek medical records, photos or videos from the night/morning of the incident, statements made by Sanchez, and any documentation or materials concerning his injuries or the events in question. A copy of these discovery requests is attached collectively as **Exhibit 1**.

4.      Following removal, counsel for Sanchez and Huse agreed to defer the "served" date of this discovery at least until after the parties held their required Rule

---

[1] The matter was initially filed as a misdemeanor. The charges were subsequently amended and Sanchez is now charged with Battery with Serious Bodily Injury, a Level 5 felony.

26(f) conference. Since that time, Tole, Fox, and Sanchez have, with the Court's approval, pushed the time for Fox and Sanchez to respond to the amended complaint to March 12, 2026 as the parties await the Court's ruling on Tole's remand petition (ECF Nos. 17, 18) and the Court rescheduled the initial pretrial conference from February 23, 2026, to March 23, 2026.

### The Fifth Amendment & the Court's Authority to Stay a Matter

5.      The Fifth Amendment to the Constitution of the United States ensures that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

6.      A civil defendant who chooses to avail himself of this protection, however, does so at his peril, because "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). This presents a dilemma of constitutional magnitude: "placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings."

3

*Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003) (quoting *Cruz v. County of DuPage*, 1997 WL 370194, at *1 (N.D. Ill. 1997)). "A limited stay of discovery will eliminate this quandary." *Id.*

7.      "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *U.S. ex rel. Chepurko v. E-Biofuels, LLC*, 1:14-cv-00377-TWP-MJD, 2014 WL 4216049, *1 (S.D. Ind. Aug. 25, 2014) (cleaned up) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). District courts possess wide discretion in deciding whether to stay their proceedings. *Id.* (citing *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012)).

8.      While the Constitution of the United States "does not require a stay of civil proceedings simply because a criminal action is simultaneously pending, Courts often grant such stays when the interest in protecting one's Fifth Amendment right against self-incrimination outweighs the burden that a stay of litigation would impose." *Id.* When considering a request for a stay, courts can weigh several non-exclusive factors, including:

> (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of [the parties] in proceeding expeditiously, and the potential prejudice that [the parties] may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on [the parties] if a stay is denied.

*Id.* "In considering the sixth factor, 'courts are especially mindful that the noncriminal proceeding, if not deferred, might undermine the party's Fifth

4

Amendment privilege against self-incrimination, . . . expose the basis of the defense to the prosecution in advance of [the] criminal trial, or otherwise prejudice any criminally charged parties.'" *Id.* at *2 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.3d 1368, 1376 (D.C. Cir. 1980)).

9.     These Fifth Amendment considerations also apply to a civil defendant's obligation to answer a complaint under Rule 8 of the Federal Rules of Civil Procedure. A civil judgment may not be entered based solely on a defendant's assertion of his Fifth Amendment rights in a responsive pleading. *See Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 932 (7th Cir. 1983). And courts have recognized that "there is no question" a defendant "could legitimately claim his or her Fifth Amendment privilege against self-incrimination if required to answer the complaint" in a civil case while criminal charges remained pending. *Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 944-45 (N.D. Ill. 2008).

## Application to the Matter at Hand

10.     The stay factors applied to this case favor a limited stay of any discovery directed at Sanchez, as well as a stay of Sanchez's obligation to respond to the amended complaint.

11.     Here, the issues in this case directly overlap with the criminal proceedings against Sanchez, because both cases arise from the same alleged incident and turn on identical factual questions. Indeed, the State charged Sanchez with battery, and here, Tole asserts a battery claim. The discovery requests from Huse Culinary seek, among other things, narrative accounts of the incident, Sanchez's

activities leading up to the altercation, and photos, videos, or statements pertaining to the encounter. These are not merely tangential inquiries — they strike at the heart of the allegations in both the criminal and civil actions. Requiring Sanchez to respond to such discovery before the criminal trial would directly compromise his ability to invoke the Fifth Amendment without significant adverse consequences in the civil matter.

12.    Moreover, the criminal prosecution is well underway, with charges filed, discovery proceeding, and a jury trial currently set in April 2026. While the trial setting is subject to continuances by either the State, the defense, or on the court's own accord, nevertheless, the risk of criminal exposure is immediate and concrete.

13.    Further, the requested stay is limited only to Sanchez and does not prevent Tole from pursuing discovery against Fox and Huse Culinary during the pendency of Sanchez's criminal case. Their availability in discovery, and the availability of nonparty discovery, preserves Tole's interest in expeditious litigation. Moreover, this civil action is still in its early phases. Only one defendant (Huse Culinary) has filed an answer to the amended complaint. There is no case management order in place, no pending trial date, no indication of impending statute of limitations issues requiring immediate resolution, and no ruling yet on Tole's remand request, which will control which sovereign authority's pleading standards apply to any response to the amended complaint. Tole is not prejudiced by waiting on the resolution of Sanchez's criminal case before Sanchez becomes an active participant in civil discovery.

14.    Conversely, Sanchez faces a risk without a remedy if he is required to waive his Fifth Amendment privilege against self-incrimination in a civil proceeding while the criminal case moves forward. If compelled to respond to civil discovery at this stage, he must either: (a) invoke his Fifth Amendment rights and face adverse inferences in this case; or (b) respond substantively and risk the responses being used against him, contrary to his Fifth Amendment right to remain silent, in the criminal prosecution. This is precisely the constitutional dilemma a limited stay is designed to redress. *See Jones*, 216 F.R.D. at 451.

15.    Further, no public interest is impaired by the requested stay. Unlike regulatory or enforcement actions, where delay might frustrate a broader governmental purpose, the public does not have an urgent interest in the immediate resolution of private parties litigating monetary damages. However, while this is a private dispute between individuals and entities, the involvement of a public figure as a defendant in both the criminal and civil matters presents a unique public interest. These cases have received (and will likely continue to receive) media attention. This heightened visibility amplifies the need for procedural fairness — *not* because of anyone's status — but because public trust in the judicial system is undermined by public perception that the criminal case is compromised or tainted by parallel civil litigation. The public interest therefore weighs in favor of a limited stay where it helps preserve the integrity of pending criminal proceedings without undermining the legitimate aims of civil litigation.

16.     In addition to seeking a stay of discovery, Sanchez also requests that the Court hold his deadline to respond to the amended complaint in abeyance until the pending criminal matter concludes. His response to the amended complaint is currently due by March 12, 2026; however, for Sanchez to comply with Rule 8's requirement to admit or deny allegations asserted against him and Rule 11's obligation on counsel to affirm that "the denials of factual contentions are warranted on the evidence," he would necessarily waive his Fifth Amendment rights. *See Chagolla*, 529 F.Supp.2d at 944-45. He should not be put in that position at this stage of this civil case while the state criminal matter remains pending. Indeed, given that the allegations in the amended complaint directly overlap with the issues in the criminal prosecution, even a general denial may risk prejudicing Sanchez's defense or prematurely reveal his litigation strategy. Good cause therefore exists to relieve Sanchez, at least temporarily, from his obligation to respond to Tole's amended complaint.

WHEREFORE, defendant Mark Sanchez, respectfully requests that the Court:

> (1) enter a limited stay of all discovery directed to him, including the outstanding Interrogatories and Requests for Production served by defendant Huse Culinary, Inc., until the conclusion of the criminal matter pending under cause number 49D21-2510-CM-030297;

> (2) enlarge the time for Sanchez to file an Answer or other responsive pleading to Tole's amended complaint until 10 days following the conclusion of the criminal matter; and

> (3) grant all other just and proper relief.

8

Respectfully submitted,

*/s/ Andrew M. McNeil*
Andrew M. McNeil (# 19140-49)
Dakota C. Slaughter (# 37582-29)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
amcneil@boselaw.com
dslaughter@boselaw.com

*Attorneys for Defendant*
*Mark Sanchez*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system:

Edward R. Reichert
Erik J. May
Jared A. Harts
John P. Daly , Jr.
Judith E. Golitko
Matthew M. Golitko
GOLITKO & DALY, PC
eddie@golitkodaly.com
erik@golitkodaly.com
jared@golitkodaly.com
john@golitkodaly.com
judy@golitkodaly.com
matt@golitkodaly.com

*Attorneys for Plaintiff*
*Perry Tole*

Daniel M. Thompson
Joel T. Larson , Jr.
BARNES & THORNBURG LLP
daniel.thompson@btlaw.com
jtlarson@btlaw.com

*Attorneys for Defendant*
*Fox Corporation*

Thomas M. Kimbrough
BARRETT & MCNAGNY LLP
215 East Berry Street
Fort Wayne, IN 46801
tmk@barrettlaw.com

*Attorney for Defendant*
*Huse Culinary, Inc.*

*/s/ Andrew M. McNeil*

9