UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PERRY TOLE,                                )
                                           )
                    Plaintiff,             )
        v.                                 )    CASE NO. 1:25-cv-2578
                                           )
MARK SANCHEZ,                              )
FOX CORPORATION, and                       )
HUSE CULINARY, INC.,                       )
                                           )
                    Defendants.            )

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

A.      *Plaintiff*: Perry Tole

        *Defendants*: Mark Sanchez, Fox Corporation

B.      **Counsel for Plaintiff Perry Tole**:

        Erik J. May, (#24644-34)
        Edward R. Reicher, (#30414-49)
        **GOLITKO & DALY, PC**
        8900 Keystone Crossing, Ste. 150
        Indianapolis, IN 46240
        Tel. (317) 566-9600
        Fax (317) 566-9606
        erik@golitkodaly.com
        eddie@golitkodaly.com

        **Counsel for Defendant Mark Sanchez**:

        Andrew M. McNeil, (# 19140-49)
        Dakota C. Slaughter, (# 37582-29)
        BOSE MCKINNEY & EVANS LLP
        111 Monument Circle, Suite 2700
        Indianapolis, IN 46204 (317) 684-5000
        amcneil@boselaw.com
        dslaughter@boselaw.com

**Counsel for Defendant Fox Corporation**:

Joshua Minkler (IN 18483-49)
J.T. Larson, (IN 31392-29)
Daniel M. Thompson, (IN 36336-53)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
JT.Larson@btlaw.com
Daniel.Thompson@btlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.    The parties disagree whether this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties agree that the amount in controversy exceeds $75,000 in damages, exclusive of interest and costs. [Filing No. 1-6.] And the parties also agree that Plaintiff Perry Tole is a citizen of Indiana, Defendant Mark Sanchez is a citizen of California, Defendant Fox Corporation is a citizen of Delaware of New York. [Filing Nos. 1, ¶¶13–17; 1-4, ¶¶ 2–4.]

The parties disagree as to whether Huse Culinary, Inc. is a proper defendant in this matter. Plaintiff believes that he has asserted viable claims against Huse Culinary and moved for remand. [Filing No. 13.] Fox believes that Plaintiff lacks any reasonable chance of success on his claims against Huse Culinary and opposes remand. [Filing No. 22.] The Court's resolution of that motion will determine whether subject-matter jurisdiction is proper.

All parties agree that the Court does not have jurisdiction under 28 U.S.C. § 1331 because Mr. Tole does not present any claims arising under federal statute, regulation, or common law. Defendants reserve all rights to raise any defense related to subject-matter jurisdiction if additional facts are uncovered that undermine Plaintiff's factual allegations.

B.    **Plaintiff's statement of claims:** On October 4, 2025, Plaintiff was seriously and permanently injured as a result of the negligent acts and omissions of the Defendants. Specifically, Defendant Sanchez ("Sanchez") was employed by Defendant Fox Corporation ("Fox") at the time of the incident and was present in Indianapolis, IN as part of his obligations to Fox. As part of Sanchez's obligations to Fox, Sanchez was an invitee at Defendant, Huse Culinary, Inc. ("Huse"). Huse, through its employees and agents acting within the scope of their employment,

sold, furnished, and/or served alcoholic beverages to Sanchez which contributed to his impairment and subsequent injuries to the Plaintiff. Within the course of his employment, Plaintiff was lawfully present near the Westin Hotel in Indianapolis, IN. Defendant Sanchez was present and acting within the course and scope of his employment, agency, or contractual duties for Fox or at the location under Defendant Fox's influence of control, when Sanchez encountered Plaintiff and initiated a physical confrontation with Plaintiff. As a direct and proximate result of the Defendants actions, Plaintiff suffered physical and permanent injuries, disfigurement, pain, emotional distress, lost wages, medical expenses, and other damages.

C.     **Mark Sanchez's statement of claims or defenses**: Mr. Sanchez has moved to stay pleadings and discovery as to him because of Fifth Amendment concerns due to the currently pending state court proceedings. (ECF No. 24.) Given those same Fifth Amendment concerns, Mr. Sanchez cannot provide a statement of his claims or defenses in summary or detailed form. For the same reasons, Mr. Sanchez is unable to agree or disagree with the dates and deadlines in sections III and IV of the proposed case management plan. The Court has taken Mr. Sanchez's motion to stay proceedings as to him under advisement and ordered a temporary stay of all discovery and of Mr. Sanchez's deadline to respond to the amended complaint, both until further order of the Court. (ECF No. 26.) Until the Court rules on the motion to stay or until the state court criminal proceedings resolve, or both, Mr. Sanchez cannot determine whether, for example, the proposed August 31, 2026 deadline to move to amend pleadings or join additional parties is sufficient. If the Court were to enter a specific case management plan while certain matters were stayed as to him, Mr. Sanchez would act in good faith and with appropriate diligence to adhere to the deadlines in any such case management order; however, depending on the length of any stay of the case as to him and the criminal proceedings, he may need to move to modify those deadlines for good cause.

**Fox Corporation's statement of claims or defenses:** This case is beginning, and significant discovery remains to be completed. Fox Corporation denies that it is the proper defendant for these claims. Fox Sports Productions, LLC ("FSP" or "Fox Sports") is the subsidiary responsible for all film production related activities, which would include broadcasting games for the National Football League, and had the relationship with Mark for his services while he was in Indianapolis in October 2025. Fox Corporation and Plaintiff will work together to dismiss the claims against Fox Corporation and substitute Fox Sports for this lawsuit. Based on Fox Sports's understanding of the events giving rise to this lawsuit, Fox Sports denies that Sanchez was acting within the scope of his contractual relationship with Fox Sports and further denies that Fox was negligent in its hiring, training, or retention of Sanchez. Furthermore, Plaintiff's own description of the alleged assault proves that Tole's injuries were caused by an unforeseeable, superseding, and possibly criminal act that was not caused by Fox

3

Sports' actions or inactions. Fox Sports reserves the right to assert new or different defenses as discovery reveals more facts.

### III.    **Pretrial Pleadings and Disclosures**

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 30, 2026**.[1]

B.    Plaintiff shall file preliminary witness and exhibit lists on or before **August 6, 2026**.

C.    Defendants shall file preliminary witness and exhibit lists on or before **August 13, 2026**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before _____.[2]

E.    Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 30, 2026**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 30, 2027**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before **April 30, 2027**.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later

---

[1] All dates were calculated using the scheduled Initial Pretrial Conferenced, March 30, 2026, as the "anchor date" because using the removal date as the anchor date, as preferred by this Court, would result in deadlines on dates that have passed. Furthermore, because discovery is presently stayed as to all parties, these dates represent the general amount of time that each task will take to complete and are not deadlines that can be entered as of the date of this submission. Once the Court rules on Mark Sanchez's motion to stay [ECF No. 24], the parties will submit specific proposed deadlines that align with the Court's future orders on discovery.

[2] Plaintiff requested that this deadline be held in abeyance, given the current dispute concerning the scope of discovery.

than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **July 2, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **May 31, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the

5

document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

1. **Nature of Production of ESI**. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means in .pdf format. If the receiving party determines in good faith that a disclosure of a document in a printed or.pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner. Metadata may, but does not have to, be included in production of documents.

2. **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests; and (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

3. **Unintentional Disclosure of Privileged Documents**. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4. **Preservation of Data**. The parties will make every reasonable effort to preserve all electronic data relevant to either party's claims or defenses.

5. **The Scope of Discovery**. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

**Position of Parties on ESI**:

**Position of Plaintiff Perry Tole**: Plaintiff believes that a substantial volume of ESI will not be produced in this case. Plaintiff anticipates that records and documents will be requested from Defendants Sanchez, Fox Corporation, and Huse Culinary, Inc regarding Mr. Sanchez's employment, and his activities prior to and related to the alleged incident. Additionally, Plaintiff anticipates that the medical records of Mr. Sanchez will be requested. Plaintiff further anticipates that videographic and photographic content, communications, and documents related to the alleged incident will be requested.

**Position of Defendant Mark Sanchez**: Mark Sanchez agrees with Fox Corporation's statement on ESI and incorporates that statement as his own.

**Position of Defendant Fox Corporation**: Fox does not believe that a substantial volume of ESI will be produced in this case. Fox anticipates that medical and employment records of both Mr. Tole and Mr. Sanchez may be requested. Fox further anticipates certain documents, communications, and videographic/photographic content related to the alleged incident may be foreseeably requested.

## IV.   **Discovery[3] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the

---

[3]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

**Plaintiff's Position:** Plaintiff does not anticipate filing a motion for summary judgment or other dispositive motions.

**Sanchez's Position:** Mark Sanchez does not anticipate filing a motion for summary judgment on the claims against him.

**Fox's Position:** Fox Corporation anticipates filing a dispositive motion arguing that it is not the proper defendant for these claims. Fox Sports Productions, LLC, ("FSP" or "Fox Sports") is the subsidiary responsible for all film production related activities, which would include broadcasting games for the National Football League, and had the relationship with Mark Sanchez for his services while he was in Indianapolis in October 2025. If Plaintiff agrees to substitute Fox Sports into this lawsuit Fox Corporation, Fox still anticipates filing a dispositive motion based on Sanchez not acting within the scope of his contractual relationship with Fox Sports and Plaintiff's failure to plead a plausible claim for negligence against Fox Sports. Furthermore, Plaintiff's injuries were caused by an unforeseeable, superseding, and potential criminal acts that were not caused by Fox Sports' actions or inactions.

Fox Sports reserves the right to assert new or different dispositive motion theories as discovery reveals more facts.

B.    On or before **February 8, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

      _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider

accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    **X**     Track 2: Dispositive motions are expected and shall be filed by _____; non-expert witness discovery and discovery relating to liability issues shall be completed by _____; expert witness discovery and discovery relating to damages shall be completed _____. All remaining discovery shall be completed by no later than _____.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.  **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in <u>January 2027</u>.**

## VI.  **Trial Date**

The parties request a trial date in **November 2027**. The trial is by **Jury** and is anticipated to take **5 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.  **Referral to Magistrate Judge**

A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.    Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

A. Pending before the Court are Mark Sanchez's Motion for Limited Stay until his criminal case concludes (ECF No. 24) and Plaintiff's Motion for Remand (ECF No. 13.) Plaintiff agrees to stay discovery until a ruling on the remand motion and suggests revisiting the stay issue afterward. [ECF No. 28.] Fox argues for a case-wide stay linked to Sanchez's criminal trial due to intertwined claims and defenses. [ECF No. 29.] It may be more prudent for the parties to submit a case management plan after the Court resolves the pending motions, as this will provide a clearer framework for proceeding with the case.

Dated:  March 23, 2026

*/s/ J.T. Larson*
Joshua Minkler (IN 18483-49)
J.T. Larson, (IN 31392-29)
Daniel M. Thompson, (IN 36336-53)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
JT.Larson@btlaw.com
Daniel.Thompson@btlaw.com
*Counsel for Defendant*
*Fox Corporation*

*/s/ Andrew M. McNeil (w/ permission)*
Andrew M. McNeil, (# 19140-49)
Dakota C. Slaughter, (# 37582-29)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204 (317) 684-5000
amcneil@boselaw.com
dslaughter@boselaw.com

*Attorneys for Defendant*
*Mark Sanchez*

*/s/ Erik J. May (w/ permission)*
Erik J. May, (#24644-34)
Edward R. Reicher, (#30414-49)
**GOLITKO & DALY, PC**
8900 Keystone Crossing, Ste. 150
Indianapolis, IN 46240
Tel. (317) 566-9600
Fax (317) 566-9606
erik@golitkodaly.com
eddie@golitkodaly.com
*Attorneys for Plaintiff*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

13