UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PERRY TOLE, <br><br> Plaintiff, <br><br> v. <br><br> MARK SANCHEZ, <br> FOX CORPORATION, and <br> HUSE CULINARY, INC., <br><br> Defendants. | Case No. 1:25-cv-02578-TWP-MKK |

**SANCHEZ'S REPLY IN SUPPORT OF
MOTION FOR LIMITED STAY OF DISCOVERY
AND RESPONSIVE PLEADING DEADLINE**

Defendant Mark Sanchez ("**Sanchez**"), by counsel, respectfully submits this Reply in Support of his Motion for Limited Stay of Discovery and Responsive Pleading Deadline (ECF No. 24).

The parties' responses collectively confirm that a stay of discovery and responsive pleading obligations as to Sanchez is warranted, as generally no party opposes his requested stay — at least for now:

❖ Huse Culinary, Inc.'s Response (ECF No. 25) stated no objection to a limited stay of discovery directed to Sanchez until the conclusion of the criminal matter, took no position on the stay of Sanchez's responsive pleading deadline, but reserved the right to revisit the stay if the criminal proceedings delay and prejudice its discovery;

❖ Plaintiff's Response (ECF No. 28) did not oppose a limited stay of discovery and responsive pleading obligations as to Sanchez while Plaintiff's Motion for Remand (ECF No. 13) is pending, but reserved addressing the merits of a stay post-ruling; and

❖ Fox Corporation's Response (ECF No. 30) affirmatively agrees with Sanchez's request to stay discovery directed to him and pleading obligations and goes even further to request that discovery be stayed case-wide pending outcome of the criminal case.

Thus, Sanchez's requested relief is largely unopposed, subject to one point of contention: Plaintiff alone urges the Court to limit the stay to the pendency of his Motion for Remand, rather than through conclusion of the criminal proceedings. The Court should reject that suggested limitation.

First, jurisdictional uncertainty is beside the point; Sanchez's Fifth Amendment right against self-incrimination exists irrespective of whether this case proceeds in state or federal court. *Malloy v. Hogan*, 378 U.S. 1, 6 (1964) ("We hold today that the Fifth Amendment's exception from compulsory self-incrimination is also protected by the Fourteenth Amendment against abridgment by the States."); *Bleeke v. Lemmon*, 6 N.E.3d 907, 925 (Ind. 2014) (Fifth Amendment self-incrimination "protection extends to state cases by virtue of the Fourteenth Amendment"). And the constitutional dilemma Sanchez faces (i.e., respond to civil discovery and risk self-incrimination or invoke the privilege and face adverse inferences) is identical in either forum. *See Hardiman v. Cozmanoff*, 4 N.E.3d 1148,

1151 (Ind. 2014) (describing the "difficult position" for defendants in civil cases where related criminal charges are involved).

Although knowing which set of pleading and discovery rules apply is important, the overriding constitutional interests merit protection *now*, while the criminal prosecution is live. The Court has effectively recognized as much by entering an interim stay upon taking Sanchez's Motion under advisement. (ECF No. 24.) The same constitutional interests still merit protection while the criminal case remains ongoing. Under the circumstances of this case, a stay co-terminus with the criminal proceedings is the only remedy that fully resolves the Fifth Amendment concerns.[1]

Second, despite its purported economic characterization, Plaintiff's proposal creates unnecessary inefficiency. The only scenario which avoids additional briefing is one where the Court grants a stay for the duration of the criminal proceedings and denies remand. The remaining scenarios require some form of additional briefing:

- ❖ If the Court denies remand, entry of a temporary stay tethered to its jurisdictional ruling generates a second round of filings in this Court on the present question.

- ❖ If the Court grants remand, Sanchez would need to seek a stay in state court regardless of the duration of the stay ordered in this Court.

The more efficient course is to decide the issue once and enter a stay that lasts for as long as the central reason for the stay exists — the pendency of the criminal matter.

---

[1] Sanchez notes that on March 25, 2026, the state court rescheduled the trial in the criminal case from April 9, 2026, to May 28, 2026 based on a joint motion from Sanchez and the prosecution.

The Court should adopt the path that potentially forecloses additional motion practice rather than the one that guarantees it.

Finally, Sanchez takes no position here on any other arguments advanced by other parties (including Fox Corporation's request for a case-wide stay) beyond the relief sought in his own motion.

Sanchez respectfully requests that the Court enter an order: (1) staying all discovery and discovery-related deadlines directed to him until the conclusion of the pending state-court criminal matter under cause number 49D21-2510-CM-030297; and (2) enlarging his deadline to file an answer or other responsive pleading to Plaintiff's Amended Complaint until 10 days after the conclusion of that criminal matter.

Respectfully submitted,

*/s/ Andrew M. McNeil*
Andrew M. McNeil (# 19140-49)
Dakota C. Slaughter (# 37582-29)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
amcneil@boselaw.com
dslaughter@boselaw.com

*Attorneys for Defendant*
*Mark Sanchez*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system:

Edward R. Reichert
Erik J. May
Jared A. Harts
John P. Daly , Jr.
Judith E. Golitko
Matthew M. Golitko
GOLITKO & DALY, PC
eddie@golitkodaly.com
erik@golitkodaly.com
jared@golitkodaly.com
john@golitkodaly.com
judy@golitkodaly.com
matt@golitkodaly.com

*Attorneys for Plaintiff*
*Perry Tole*

Joshua J. Minkler
Daniel M. Thompson
Joel T. Larson , Jr.
BARNES & THORNBURG LLP
josh.minkler@btlaw.com
daniel.thompson@btlaw.com
jtlarson@btlaw.com

*Attorneys for Defendant*
*Fox Corporation*

Thomas M. Kimbrough
BARRETT MCNAGNY LLP
215 East Berry Street
Fort Wayne, IN 46801
tmk@barrettlaw.com

*Attorney for Defendant*
*Huse Culinary, Inc.*

/s/ Andrew M. McNeil