**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

PERRY TOLE,                                  )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )     Case No. 1:25-cv-02578-TWP-MKK
                                             )
MARK SANCHEZ,                                )
FOX CORPORATION,                             )
HUSE CULINARY, INC.,                         )
                                             )
                    Defendants.              )

<u>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND**</u>
<u>**DISMISSING CLAIMS AGAINST DEFENDANT HUSE CULINARY, INC.**</u>

This matter is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction filed by Plaintiff Perry Tole ("Tole") (Filing No. 13). Tole initiated this action in state court against diverse Defendants Mark Sanchez ("Sanchez") and Fox Corporation ("Fox") (Filing No. 1-1 at 11), and later filed an Amended Complaint that added non-diverse Defendant Huse Culinary, Inc. ("Huse") (Filing No. 1-5). Fox removed this action to federal court, arguing that the Court should disregard Huse's citizenship because it was fraudulently joined (Filing No. 1 at 5). Tole now seeks remand pursuant to 28 U.S.C. § 1447(c) on the ground that the federal court lacks subject matter jurisdiction because the joinder of Huse defeats diversity jurisdiction (Filing No. 13). For the following reasons, the Motion to Remand is **denied**, and Tole's claims against Huse are **dismissed without prejudice**.

## I.     BACKGROUND

Tole is an Indiana citizen, Sanchez is a California citizen, Fox is a Delaware corporation with its principal place of business in New York, and Huse is an Indiana corporation doing business as a restaurant in Indiana (Filing No. 1-5 at 3).

On October 6, 2025, Tole initiated this action in state court alleging claims of intentional assault and battery against Sanchez, and negligent hiring, retention, and supervision against Fox (Filing No. 1-1 at 11). The original complaint detailed a violent confrontation between Tole and Sanchez, instigated by Sanchez in the early morning hours of October 4, 2025 (Filing No. 1-4 ¶¶ 5–14). After the confrontation, Sanchez was arrested and charged with battery, breaking into a motor vehicle, and public intoxication. *Id.* ¶ 14. That same day, Tole described the events to Detective Joshua Stayton of the Indianapolis Metropolitan Police Department (Filing No. 22-1).

Because the original Complaint did not specify the amount in controversy or describe Tole's injuries in detail, Fox served requests for admissions to establish whether Tole sought more than $75,000.00 in damages (Filing No. 1-6). Before responding to the requests for admissions, Tole filed an Amended Complaint that added Huse and alleged negligence and violation of the Indiana Dram Shop Act against Huse (Filing No. 1-5 at 6). The Amended Complaint removes many of the factual allegations about Tole's fight with Sanchez.[1] It alleges that on October 3, 2025, Sanchez was an invitee at Huse's restaurant where he consumed alcoholic beverages furnished by Huse. *Id.* at 3. Then, in the early morning of October 4, 2025, Sanchez approached Tole's truck, which was parked at or near the Westin Hotel Indianapolis. *Id.* After approaching Tole's truck, Sanchez, without provocation or justification, initiated an altercation with Tole and battered Tole. *Id.* at 4. The Amended Complaint claims that Fox was negligent and negligently hired, retained, or failed to supervise Sanchez, and Huse negligently breached its duty under the Indiana Dram Shop Act by overserving Sanchez, which led to him initiating a physical confrontation with Tole. *Id.* at 4–6.

Fox timely removed the action from state court to federal court based on diversity jurisdiction, contending that the lawsuit seeks in excess of $75,000.00 and there is diversity of

---

[1] The Amended Complaint does not describe the argument leading up to Sanchez allegedly breaking into Tole's truck and blocking his attempts to call for help, and it removes references to any police involvement and Sanchez's arrest.

citizenship between Tole and the properly joined Defendants—Sanchez and Fox (Filing No. 1 at 5). Fox contends that Huse was fraudulently joined, as Tole has no reasonable possibility of succeeding on his claims against Huse, and Tole's addition of claims against Huse is an attempt to defeat diversity jurisdiction and should not be permitted. *Id.* at 5–9. Tole then filed the instant Motion to Remand and request for fees and costs (Filing No. 13).

## II.     **LEGAL STANDARD**

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## III.     **DISCUSSION**

To invoke diversity jurisdiction, a party must establish complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity means "a federal court must satisfy itself that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side."

*Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citation omitted). The parties do not contest the amount in controversy. At issue here is whether Huse was fraudulently joined to defeat complete diversity.

"The fraudulent joinder doctrine arises out of Federal Rule of Civil Procedure 21, which provides in relevant part: '[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.'" *Perry v. Higgins-Ballas*, No. 18-cv-79, 2018 WL 3158510, at *2 (N.D. Ind. June 27, 2018) (alteration in original). Thus, if the Court concludes that Huse was fraudulently joined, then the proper remedy is to dismiss it from this suit. *Id.*; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.").

Tole asks the Court to remand this action back to state court because Huse is an Indiana corporation, and he is an Indiana citizen—thus, diversity jurisdiction is not satisfied. He first argues that the Court must limit the scope of its analysis only to his Amended Complaint because it supersedes his original Complaint (Filing No. 13 at 5). Tole is mistaken. The fraudulent joinder analysis "requires the Court to look beyond the pleadings when testing for fraudulent joinder." *In re Bridgestone/Firestone, Inc. Prods. Liab. Litig.*, 204 F. Supp. 2d at 1152 (emphasis added); *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956 (S.D. Ind. 1999) (collecting cases where courts considered affidavits, deposition testimony, and "summary judgment-type" evidence). Accordingly, the Court may consider Tole's statement to Detective Stayton and his original Complaint in its fraudulent joinder analysis.

Tole also argues that he "has no reasons to engage in fraud" to avoid federal court, and he has "pled legitimate and colorable claims against Huse, under both the Indiana Dram Shop Act and

common law negligence and has the right to conduct discovery to develop these claims." *Id.* at 1-2. The Indiana Dram Shop Act provides that any tavern "who furnishes an alcoholic beverage" to someone who causes injury is "not liable in a civil action for damages" unless two elements are satisfied. Ind. Code § 7.1-5-10-15.5(b). First, the tavern must have had "actual knowledge" that the injury-causing individual was visibly intoxicated. *Id.* (b)(1). Second, the individual's intoxication must have been "a proximate cause of the death, injury, or damage." *Id.* (b)(2). Fox argues the second element is the key to the present Motion.

The Amended Complaint alleges that Sanchez was at Huse's restaurant and was overserved despite being visibly intoxicated. Tole argues that such overserving was the proximate cause of his injuries. Tole contends that he has pled colorable claims against Huse because even though his original Complaint alleged an intentional violent act by Sanchez, his Amended Complaint merely asserts a theory of recovery under common law negligence and, in the alternative, that Sanchez "knowingly and unlawfully made harmful and offensive contact with [Tole]." *Id.* at 9. Tole asserts that the Court should assess whether it was foreseeable that Huse's overserving of Sanchez, who was visibly intoxicated, could lead to negligent acts causing harm to third parties.

In response, Fox argues that Huse was fraudulently joined (Filing No. 22 at 8). The Seventh Circuit has explained that "fraudulently joined" means that there is "no reasonable possibility that the plaintiff could prevail" on his claims against the non-diverse party. *Id.* (quoting *Schur*, 577 F.3d at 764). Fox contends that Tole cannot succeed on his claims against Huse because Indiana courts have categorically rejected the argument that taverns are liable for assaults or other violent crimes patrons commit after they leave. *Id.* at 10 (citing *Welch v. R.R. Crossing, Inc.*, 488 N.E.2d 383, 391 (Ind. Ct. App. 1986); *Fast Eddie's v. Hall*, 688 N.E.2d 1270, 1274–75 (Ind. Ct. App. 1997); *Merchants Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 389 (Ind. Ct. App.

2000)). Fox asserts that these cases do not turn on the individual facts or circumstances, but rather, they hold—categorically—that assault is a volitional, intervening criminal act that breaks the causal chain. Fox contends that no matter how Tole tries to reframe his claims, his own allegations, coupled with Detective Stayton's affidavit, describe an alleged assault. And because Indiana law forecloses liability in this category of cases, no more facts or discovery could create a reasonable possibility of recovery against Huse, so the defendant was fraudulently joined. *Id.*

In reply, Tole restates that he is asserting a negligence claim rather than an assault claim, and the Indiana Dram Shop Act did not eliminate common law negligence claims against tavern owners (Filing No. 23 at 2 (citing *WEOC, Inc. v. Niebauer*, 226 N.E.3d 771, 779 (Ind. 2024))). Tole urges the Court to focus the bulk of its analysis on the Amended Complaint and asserts that allowing a probable cause affidavit from a criminal case to control the cause of action and theories of recovery would be obtuse. Tole reiterates that his Amended Complaint does not use the word "intentional" but instead alleges that Sanchez "knowingly" made offensive contact with Tole causing serious bodily injury. Tole argues that this is meaningful because in a civil context, a defendant may be negligent for knowing conduct, but not intentional conduct. Tole disputes the "categorical bar" theory and argues that Fox overreads Indiana's proximate cause doctrine and does not negate a reasonable possibility of recovery on his alleged facts. *Id.* at 5. Tole thus claims that Indiana's bar on liability for intentional conduct does not preclude his claims against Huse. *Id.*

The Court disagrees with Tole. "Fraudulent joinder" is a term of art; it does not require actual fraud. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Rather, a party or claim is fraudulently joined if there is "no reasonable possibility that the plaintiff could prevail." *Schur*, 577 F.3d at 764; *see also Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("[I]n most

cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives.") (citing cases).

To determine whether a defendant has been fraudulently joined, the Court "must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos*, 959 F.2d at 73. This analysis, contrary to Tole's assertions, "*requires* the Court to look beyond the pleadings when testing for fraudulent joinder." *In re Bridgestone/Firestone Inc.*, 204 F. Supp. 2d at 1153 (emphasis added). The removing defendant bears "a heavy burden" and "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis in original).

Tole is correct that Indiana case law does not bar all claims against tavern owners for the negligent acts of its patrons. *See Hamilton v. Steak 'n Shake*, 92 N.E.3d 1166 (Ind. Ct. App. 2018); *Certa v. Steak 'n Shake*, 102 N.E.3d 336 (Ind. Ct. App. 2018); *Buddy & Pals III, Inc. v. Falaschetti*, 118 N.E.3d 38 (Ind. Ct. App. 2019). However, the cases that he cites are inapplicable here.[2] Regardless of what label Tole attempts to place upon his claims, he brings claims for intentional violent acts that occurred at a hotel blocks away from Huse's restaurant. Indeed, Tole's original Complaint states precisely what he alleges happened: that Sanchez "intentionally and unlawfully made harmful and offensive contact" with Tole at the loading dock of the Westin Hotel when Sanchez "attempted to enter and later entered . . . Tole's work truck without permission and blocked . . . Tole from accessing his cellphone to contact his manager," leading to Sanchez "physically block[ing] and shov[ing]" Tole and eventually instigating an "altercation which resulted in . . . Tole

---

[2] As noted by Fox in a footnote, in each of these cases employees observed violent conduct or escalating agitation that gave the restaurant reason to believe an imminent fight would occur on their property, which triggered a duty to protect customers from assault. (Filing No. 22 at 17).

suffering significant injuries to his head, jaw and neck." (Filing No. 1-4 at 3). Thus, Tole brought claims of assault and battery. *Id.* at 4.

Tole's substitution of the word "intentionally" for "knowingly" in the Amended Complaint's allegation that Sanchez "made harmful and offensive contact" does not transform his allegations from an intentional violent act by Sanchez into a mere negligence case (*See* Filing No. 1-5 at 5, 7). Regardless of Tole's label, he alleges that Sanchez walked up to his truck at the Westin Hotel blocks away from Huse's restaurant, told Tole that he could not park where he was, attempted to enter Tole's truck, and then shoved and beat Tole to the point of disfigurement. That is not common law negligence but rather intentional assault and battery. Indeed, "there is no such cause of action as negligent assault and battery; negligence and battery are mutually exclusive." *Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1102 (Ind. Ct. App. 1997) (citation modified). This conclusion is further cemented by Tole's statement that he feared for his life and believed "[Sanchez was] trying to kill [him]," causing Tole to pull out his knife and use deadly force to defend himself (Filing No. 22-1 at 4). Thus, the question for the Court is whether under Indiana law, a tavern can be held liable for the intentional assault and battery committed by one of its patrons outside the tavern's premises. The Court finds that Indiana law categorically bars such claims.

The cases Fox cites are squarely on point. In *Welch v. Railroad Crossing, Inc.*, the Indiana Court of Appeals affirmed judgment as a matter of law for a tavern where an intoxicated patron followed a woman outside the tavern and stabbed her. 488 N.E.2d at 391. The tavern's employees admitted that they knew the intoxicated patron likely carried a knife, and witnesses saw him leave the tavern only a few steps behind the victim. *Id.* at 384–86. The intoxicated patron began to assault the victim on the sidewalk right outside the tavern and continued the attack across the tavern's property. *Id.* The court held that the stabbing was not a foreseeable consequence. Specifically, the

court held that "[f]or the proprietor of a tavern to be held liable for a criminal assault under a common law theory of negligence, the proprietor must have been alerted to the likelihood of harm by the prior actions of the assailant, either on the occasion of the injury or on previous occasions." *Id.* at 388.

Then, in *Fast Eddie's v. Hall*, another case with tragic facts, the Indiana Court of Appeals reversed the denial of summary judgment for a tavern where a patron sexually assaulted and murdered an underage victim who was intoxicated. 688 N.E.2d at 1275. The tavern had a reputation for "fighting, theft, and accidents," and the victim's estate had evidence that the tavern's employees knew the intoxicated patron carried a gun and that the victim was intoxicated to the point of being "physically helpless." *Id.* at 1273. The court, relying on *Welch*, held that a proprietor of a tavern is not required to protect its patrons from unexpected criminal acts unless particular facts make it reasonably foreseeable that the criminal act will occur—such as prior actions of the assailant either on the day the act occurred or on a previous occasion. *Id.* at 1272–73. The court further explained that "[u]nlike automobile accidents which occur as the result of alcoholic beverage consumption, assault and murder are intentional acts of volition which are the result of an assailant's deliberate design." *Id.* at 1275 (citing *Welch*, 488 N.E.2d at 390).

Finally, in *Merchants National Bank v. Simrell's Sports Bar & Grill, Inc.*, the Indiana Court of Appeals affirmed summary judgment for the tavern where a patron was shot and killed on a public sidewalk outside the tavern shortly after leaving. 741 N.E.2d at 389. As with *Fast Eddie's*, there was evidence that fights occurred outside the tavern quite a bit. *Id.* at 387. And like in *Welch*, the assault took place outside the tavern soon after the victim and assailant left. *Id.* at 385–87. The court held that "even though a proprietor may have a statutory duty to refrain from providing alcoholic beverages to intoxicated persons [under the Indiana Dram Shop Act], the proprietor will

not be held liable unless the alleged violation is the proximate cause of the person's death or injury." *Id.* at 389 (citing *Fast Eddie's*, 688 N.E.2d at 1274). The court then emphasized that "proximate cause places an effective limit on dram shop liability." *Id.* The court explained that "[t]o be considered a proximate cause, the negligent act must have set in motion a chain of circumstances which, in natural and continuous sequence, led to the resulting injury," except that "a willful, malicious criminal act of a third party is an intervening act that breaks the causal chain between the alleged negligence and the resulting harm." *Id.* (citations omitted).

The above cited case law establishes that Indiana courts categorically hold that proximate cause is not satisfied for claims against taverns for the later intentional violent or criminal acts of their patrons, including assault, occurring away from the premises. Accordingly, Huse cannot be liable in negligence or under the Indiana Dram Shop Act for Sanchez's intentional act of leaving Huse's restaurant, approaching Tole's truck blocks away, and then initiating the altercation with Tole. Such an intentional act breaks the causal chain between the alleged negligence and the resulting harm. Accordingly, the Court concludes that there is no reasonable possibility of Tole's claims against Huse succeeding in state court, and that Huse was fraudulently joined.

Tole's argument that he should be allowed to conduct discovery to salvage his claims against Huse also fails. He contends that "[b]ased on preliminary investigation, he has cause to believe that Sanchez may have had multiple substances"—including, but not limited to, cocaine, marijuana, and fentanyl—"in his system that contributed to his intoxication at the time of his altercation" with Tole, and these substances may have been consumed in one of Huse's establishments (Filing No. 13 at 2). But this argument is misguided. In *Poulos v. Naas Foods, Inc.*, the Seventh Circuit explained that although a defendant bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that a plaintiff might allege in the future.

10

959 F.2d at 74. The Seventh Circuit further stated that if it were enough for a plaintiff to argue that "some facts might turn up to support a claim," then "he could defeat diversity jurisdiction by joining his grandmother as a defendant—surely *some* set of facts might make her liable." *Id.* (emphasis in original). Diversity is not defeated so easily. And even if Sanchez had consumed illegal substances while at Huse, the alleged assault and battery did not occur at Huse.

Indiana courts hold that an intentional criminal act breaks the causal chain between the alleged negligence of overserving a patron and the resulting harm. Thus, Indiana law precludes liability against Huse for Sanchez's intentional assault of Tole, and further discovery will not change that. Accordingly, Tole's claims against Huse are **dismissed without prejudice**.

Having dismissed Tole's claims against Huse, the Court finds that diversity jurisdiction is met: Tole alleges damages in excess of $75,000.00, Tole is an Indiana citizen, Sanchez is a California citizen, and Fox is a citizen of Delaware and New York (Filing No. 1 at 5). Thus, Tole's Motion to Remand is **denied**.

Lastly, Tole requests an award of fees incurred as a result of the removal under 28 U.S.C. § 1447(a) (Filing No. 13 at 11). However, fees are available only when removal lacked an objectively reasonable basis. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). Having determined that Huse was fraudulently joined, the Court finds that removal was proper and **denies** Tole's request for fees.

### IV.    CONCLUSION

For the reasons discussed above, the Court finds that Fox has met its burden of showing there is no reasonable possibility of recovery against Defendant Huse Culinary, Inc. The Court finds that Huse was fraudulently joined, so the claims against Huse are **dismissed without**

11

**prejudice**. The Court **DENIES** Tole's Motion to Remand (Filing No. 13) and his request for fees.

Tole's claims in the Amended Complaint against Sanchez and Fox **shall proceed**.

The **Clerk is directed** to **terminate** Huse Culinary, Inc., from this action.

**SO ORDERED**.

Date:    7/21/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John P. Daly, Jr.
Golitko & Daly, PC
john@golitkodaly.com

Judith Elaine Golitko
GOLITKO LEGAL GROUP
judy@golitkodaly.com

Matthew M. Golitko
GOLITKO & DALY, P.C.
matt@golitkodaly.com

Jared Adam Harts
GOLITKO & DALY, P.C.
jared@golitkodaly.com

Thomas M. Kimbrough
BARRETT & MCNAGNY LLP
tmk@barrettlaw.com

Joel Thaddeus Larson, Jr.
BARNES & THORNBURG, LLP (Indianapolis)
jtlarson@btlaw.com

Erik Joseph May
Golitko & Daly PC
erik@golitkodaly.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Josh J. Minkler
Barnes & Thornburg LLP
jminkler@btlaw.com

Edward R. Reichert
Golitko & Daly, PC
eddie@golitkodaly.com

Dakota Christopher Slaughter
Bose McKinney & Evans LLP
dslaughter@boselaw.com

Daniel Mikhail Thompson
Barnes & Thornburg LLP
daniel.thompson@btlaw.com