UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PERRY TOLE,<br><br>Plaintiff,<br><br>v.<br><br>MARK SANCHEZ,<br>FOX CORPORATION,<br><br>Defendants. | ) | CASE NO. 1:25-cv-02578-TWP-MKK |

**HIPAA QUALIFIED PROTECTIVE ORDER**

This matter having come before the Court pursuant to the stipulation of the parties; the parties seeking to protect and utilize certain materials, which may contain personal, confidential and proprietary information and/or Protected Health Information (PHI) under HIPAA; and the Court, finding that good cause has been shown and being otherwise informed in the premises, orders as follows:

IT IS HEREBY ORDERED that this HIPAA Qualified Protective Order is issued in accordance with the Health Insurance and Portability Accountability Act ("HIPAA") of 1996, 42 U.S.C. § 1320d and as defined by the regulations promulgated under HIPAA, specifically 45 CFR 164.512(e)(1)(ii)(B) and (v).

IT IS FURTHER ORDERED that this HIPAA Qualified Protective Order shall govern the production, use and disclosure of Protected Health Information ("PHI," as defined in this Order).

1. The parties and their attorneys are hereby authorized to receive,

subpoena, and transmit PHI pertaining to Perry Tole, Mark Sanchez, and any other individual later identified whose medical records or protected health information are subject to discovery in this matter ("Covered Individuals"), to the extent and subject to the conditions outlined herein.

2. For purposes of this Order, PHI has the same scope and definition as set forth in 45 CFR 160.103 and 45 CFR 164.501. PHI includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of Covered Individuals, (b) the provision of care to Covered Individuals, or (c) the payment for care provided to Covered Individuals, which identifies or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose PHI pertaining to Covered Individuals to attorneys of record for the parties in the above-captioned litigation.

4. This HIPAA Qualified Protective Order authorizes the parties and their attorneys to use or disclose the PHI of Covered Individuals as reasonably necessary in this litigation for matters reasonably connected with the above-captioned litigation and any appeals of this case. This includes but is not necessarily limited to disclosure to attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. PHI shall be used by the parties to this litigation solely for the purpose of conducting this litigation and any related appeal, but no other. Prior to disclosing

Covered Individual's PHI to persons involved in this litigation, counsel shall inform each such person that the subject PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Covered Individuals' PHI do not use or disclose such information for any purpose other than this litigation. PHI must not be disclosed to any person or entity not otherwise covered by the categories of permissible disclosures in paragraph 4. This prohibition on disclosure extends to media of any sort.

6. This Order does not control or limit the use of PHI pertaining to Covered Individuals that comes into possession of the parties or their attorneys from a source other than a "covered entity."

7. Nothing in this Order authorizes counsel for any party to obtain medical records through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

8. This Order does not authorize any party to seal court filings or court proceedings. Any request to seal PHI must comply with Southern District of Indiana Local Rule 5-11.

9. The parties, their attorneys and all individuals as identified above who have had access to PHI or Protected Information, shall destroy or return the documents and all copies of PHI or Protected Information provided to them under this HIPAA Qualified Protective Order to the opposing party's attorney, upon demand, within sixty (60) days after the conclusion of this litigation.

10. This HIPAA Qualified Protective Order survives the conclusion of this

litigation (1:25-cv-02578-TWP-MKK).

11. Nothing in this HIPAA Qualified Protective Order shall prevent the parties from filing a motion for modification of the Order, either through stipulation, or for good cause shown.

**APPROVED AS SUBMITTED.**

Date: 8/19/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.